ACCEPTED
04-14-00429-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/31/2015 1:47:50 PM
KEITH HOTTLE
CLERK

NO. 04-00429-CV

IN THE COURT OF APPEALS FOR THE
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
08/31/2015 1:47:50 PM
KEITH E. HOTTLE
Clerk

CITY OF SAN ANTONIO, ACTING THROUGH
CITY PUBLIC SERVICE BOARD OF SAN ANTONIO

*Appellant,*

v.

CASEY INDUSTRIAL, INC.,

*Appellee.*

On Appeal from the 408th Judicial District Court
Bexar County, Texas
The Hon. Michael E. Mery, Presiding

**CPS ENERGY'S RESPONSE TO
MOTION FOR RECONSIDERATION *EN BANC***

JUDITH R. BLAKEWAY
State Bar No. 02434400
STRASBURGER & PRICE, LLP
2301 Broadway
San Antonio, Texas 78215
Telephone: (210) 250-6000
Facsimile: (210) 250-6100
judith.blakeway@strasburger.com

ANNALYN G. SMITH
State Bar No. 18532500
SCHMOYER REINHARD, LLP
17806 IH-10 West, Suite 400
San Antonio, Texas 78257
Telephone: (210) 447-8033
Facsimile: (210) 447-8036
asmith@sr-llp.com

ATTORNEYS FOR APPELLANT
CPS ENERGY

1937549.2/SPSA/22244/0110/083115

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................. i

TABLE OF AUTHORITIES ....................................................................... ii

ARGUMENT ............................................................................................. 1

A.    The panel majority properly considered relevant evidence necessary to resolve the plea to the jurisdiction without reaching the merits. ................................................................... 4

B.    Because Casey does not claim damages recoverable under section 271.153, the panel majority correctly found that CPS Energy's immunity from Casey's claims was not waived. .................... 6

    1.    There is no balance due and owed by CPS Energy under section 271.153(a)(1) ............................................................. 7

    2.    The "additional work" for which Casey seeks another $12 million was already included within contract price for the fixed-price contract, so Casey is not entitled to recover under section 271.153(a)(2) ...................................................... 8

C.    There is no factual issue whether there is a writing signed by CPS Energy committing the ratepayers to pay an extra $12 million dollars—it is undisputed that there is no such writing. ........... 11

D.    Casey had a full and fair opportunity in the trial court to develop the record as to immunity; it failed to request a continuance; and in the absence of written change orders—which Casey admits do not exist—supplementation would be futile. ................................................................................. 12

CONCLUSION ....................................................................................... 13

CERTIFICATE OF COMPLIANCE ........................................................ 14

CERTIFICATE OF SERVICE ................................................................. 14

1937549.2/SPSA/22244/0110/083115

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*City of San Antonio v. Casey Indus., Inc.*,
  381 S.W.3d 589 (Tex. App.—San Antonio 2012, pet. denied) .................10

*Lubbock Cnty. Water Control and Imp. Dist. v. Church & Akin, LLC*,
  44 S.W.3d 297 (Tex. 2014) .......................................................................1

*Sharyland Water Sys. v. City of Alton*,
  354 S.W.3d 407 (Tex. 2011).................................................................... 6

*Texas Dept. of Parks & Wildlife v. Miranda*,
  133 S.W.3d 217 (Tex. 2004)..................................................................... 5

*Tooke v. City of Mexia*,
  197 S.W.3d 325 (Tex. 2006) ....................................................................12

*Ulico Gas Co. v. Allied Pilots Ass'n*,
  262 S.W.3d 773 (Tex. 2008) ................................................................... 11

*Zachry Constr. Corp. v. Port of Houston Auth.*,
  449 S.W.3d 98 (Tex. 2014) ......................................................... 1, 9, 11, 12

## STATUTES

TEX. LOC. GOV'T. CODE § 271.152 ...................................................................13

TEX. LOC. GOV'T. CODE § 271.153(a)(1). ................................................. 7, 8, 9

TEX. LOC. GOV'T. CODE § 271.153(a)(2)......................................................... 8

TEX. LOC. GOV'T. CODE § 271.153(b)(1) ........................................................ 9

1937549.2/SPSA/22244/0110/083115

## ARGUMENT

The Texas Local Government Contract Claims Act does not waive immunity from suit for damages not recoverable under section 271.153. The waiver does not depend on the outcome, but it "does require a showing of a substantial claim that meets the Act's conditions." *Zachry Constr. Corp. v. Port of Houston Auth.*, 449 S.W.3d 98, 109 (Tex. 2014). Casey contends the panel majority impermissibly considered facts relating solely to the merits of Casey's claim and CPS's affirmative defenses rather than limiting its review to facts relevant to the trial court's jurisdiction. Not so.

"[U]nder Chapter 271, the terms of the written contract are themselves the substance that determines whether immunity is waived. *Lubbock Cnty. Water Control and Imp. Dist. v. Church & Akin, LLC*, 44 S.W.3d 297, 304 (Tex. 2014). Here, the contract was a fixed-price contract under which CPS agreed to pay $85,760.12, and not a penny more. There is no writing in which CPS Energy agreed to pay an extra $12 million. That in itself demonstrates that the additional $12 million was not contemplated by the parties to the contract.

That conclusion is buttressed by other terms of the contract. The contract charges Casey (the "D/B Contractor") with the responsibility to act as the overall construction manager of the contract and oversee

1

1937549.2/SPSA/22244/0110/083115

Wheelabrator's performance using the "design-build" project delivery method consistent with a traditional turnkey approach. C.R. 156. Casey is responsible for delivering the complete and fully operational facility to CPS Energy on a lump-sum fixed-price basis. C.R. 79. Casey—not CPS Energy—assumes all risks of delay in the project's schedule and is responsible for all costs related to bringing the project back on schedule. C.R. 108. To obtain a schedule relief change order, the contract requires Casey to show CPS Energy-caused delay. C.R. 114-15. Casey agreed that it was not entitled to more time or money for delays caused by Wheelabrator. C.R. 141, 142. Casey expressly agreed that no adjustment to price or schedule would be authorized as a result of mistakes relating to Casey or Wheelabrator's respective portions of the work. C.R. 118. And although the contract authorized Casey to request a change order for more time or money if Casey was not in default itself and a default by Wheelabrator resulted in impairment of Casey's work through no fault of Casey, C.R. 135, Casey never requested or obtained any change orders for the claims for which CPS Energy sought dismissal. Each of these provisions is just as relevant to determination of the trial court's jurisdiction as the one sentence that Casey plucks out of context (Casey has no responsibility for Wheelabrator's obligations).

2

As conceded by Casey's counsel at oral argument:

- Casey agreed there was no indication of owner-caused delays;

- Casey agreed there were no construction change directives;

- Casey agreed there were no actual change orders.

In the absence of any of these facts, Casey's claims do not fall within section 271.173 and, hence, there is no claim for damages allowed by section 271.153, and thus no waiver of governmental immunity.

Also without merit is Casey's contention that CPS's alleged waiver of compliance with the change order procedure somehow waived immunity from suit. This is a red herring. Even if Casey had complied with the change order procedure in every respect, but CPS Energy still refused to issue a change order or amend the contract to award Casey another $12 million (i.e., there was no meeting of the minds on the terms of an amendment), Casey would not be entitled to damages under section 271.153 and, thus, there would be no waiver of immunity.

The court's jurisdiction does not depend on CPS Energy's conduct. If the court has jurisdiction, nothing CPS Energy can do will deprive it of jurisdiction. Conversely, if the court does not have jurisdiction, there is nothing CPS Energy can do to give it jurisdiction. Only the Legislature can determine the jurisdiction of the courts by saying who can sue

governmental entities. If the legislature says a contractor must have a properly executed writing to waive immunity from suit, a contractor cannot sue without one, no matter what CPS Energy says or does. So any factual issue about whether CPS Energy waived contractual procedures is immaterial.

To allow a waiver of a written change order procedure to permit a contractor to recover without a signed writing would defeat the purpose of the statute. In effect, it would allow a contractor to recover the reasonable value of its services when the government entity had not agreed to pay, *i.e.,* in quantum meruit. It would also frustrate the purpose of the competitive bidding statute if a contractor could submit the low bid, be awarded a fixed-price contract, and then recover an additional $12 million when/if that amount had been included in its original bid, the contractor would never have been awarded the contract in the first place.

The panel majority got it right. The motion for reconsideration should be denied.

**A.     The panel majority properly considered relevant evidence necessary to resolve the plea to the jurisdiction without reaching the merits.**

Despite Casey's attempts to convince this Court otherwise, the panel majority did not improperly consider the merits, rather than limiting its

4

review to jurisdictional facts. "If a plea to the jurisdiction challenges the existence of jurisdictional facts, a court is required to consider relevant evidence submitted by the parties." *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-28 (Tex. 2004). The court takes all evidence favorable to the nonmovant as true and indulges every reasonable inference and resolves any doubts in the nonmovant's favor. *Id.* at 228. If the evidence raises a fact issue regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue must be left to be resolved by the fact finder. *Id.* However, if the relevant evidence fails to raise a fact question on the jurisdictional issue or is undisputed, then the trial court must rule on the plea to the jurisdiction as a matter of law. *Id.* There is not the slightest indication that the panel majority deviated from these standards.

Casey argues that failure to give notice or follow a contract procedure does not deprive a court of jurisdiction. This is true, but beside the point. A failure to give notice under an agreement, *i.e.*, to comply with the provisions of existing contract, is different than a failure to bind a party to an agreement in the first place, *i.e.*, to obtain an amendment or change order. Here there is no agreement by CPS Energy to amend the contract to increase the fixed price by $12 million. Contractual procedures may be

5

waived, but subject matter jurisdiction cannot be. *Sharyland Water Sys. v. City of Alton*, 354 S.W.3d 407, 413-14 (Tex. 2011). If the Legislature says a contractor must have a properly executed writing to waive immunity from suit, a contractor cannot sue without one, even if CPS Energy expressly agrees in the contract to waive immunity from suit. Allowing a contractor to recover for additional costs when an owner refuses to issue a change order would allow massive cost overruns for which the taxpayers could be liable when no one had authorized the additional work. But the panel majority did not hold that CPS Energy's immunity was not waived because Casey failed to comply with the notice provisions of the contract. Rather, it held that Casey did not seek damages recoverable under section 271.153.

**B.** **Because Casey does not claim damages recoverable under section 271.153, the panel majority correctly found that CPS Energy's immunity from Casey's claims was not waived.**

Mindful of its obligation to find waivers of governmental immunity only in "clear and unambiguous language" that leaves "no doubt"— to accord proper deference to the Legislature's prerogative to decide whether, when, and how to waive the government's immunity—the panel majority carefully and strictly construed the limitations found in section 271.153. Contractors can recover three categories of damages under section 271.153:

> (1)  the balance due and owed by the local governmental entity under the contract as it may have been amended,

6

including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;

(2)     the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract; and

(3)     interest as allowed by law.

TEX. LOCAL GOV'T. CODE § 271.153(a)

But contractors cannot recover "consequential damages, except as expressly allowed under Subsection (a)(1)." *Id*. § 271.153(b).

## 1.     There is no balance due and owed by CPS Energy under section 271.153(a)(1).

It is undisputed that Casey was fully paid all sums due under the lump sum contract except for properly withheld retainage. It is undisputed that the contract was never amended to increase the price by $12 million. It is undisputed that there is no amount owed for increased cost "as a direct result of owner-caused delays;" it is undisputed the delays were caused by Wheelabrator, not CPS Energy. Casey misunderstands the majority's statement that "accordingly any compensation owed to Casey for delays caused by Wheelabrator does not fall within the scope of Subsection (a)(1) to 271.153(a)." The reason that Wheelabrator's default is not within 271.153(a)(1) is because Subsection (a)(1) allows costs caused by owner-caused delays, and Casey is seeking damages for delays caused by

7

Wheelabrator. Thus, Casey is not entitled to damages under section 271.153(a)(1).

**2. The "additional work" for which Casey seeks another $12 million was already included within contract price for the fixed-price contract, so Casey is not entitled to recover under section 271.153(a)(2).**

There is no amount owed for change orders or additional work CPS Energy directed Casey to perform. Casey never requested—and CPS Energy never signed—any change orders for the claims for which CPS Energy sought dismissal. There was no "additional work" the contractor was directed to perform by CPS Energy. Casey agreed there were no construction change directives, and there is no evidence of any directive from CPS Energy.

Furthermore, the work for which Casey sought $12 million was not "additional work." It was work already included in the contract price of the fixed-price contract. Allowing Casey to recover additional compensation would not only bypass the change order procedure in the contract, but flatly contradict its negotiated terms, reallocating the risk of loss in a carefully negotiated fixed-price contract, depriving CPS Energy of the benefit of its bargain and imposing on innocent ratepayers costs that they never agreed to pay.

8

In an attempt to avoid section 271.153(b)(1)'s unmistakable prohibition on the recovery of consequential damages except as expressly allowed under subsection (a)(1), Casey argues that delay damages were specifically contemplated by parties in the contract, and thus were direct damages, not consequential damages. There is absolutely nothing in the contract that supports that notion. Far from demonstrating that the parties intended for Casey to recover damages for performing Wheelabrator's work, the contract in fact provides just the opposite. Casey agreed that if additional costs were incurred because of Wheelabrator delays (Section 15.3) or Wheelabrator's work (Section 9.4), the additional costs were to be borne by Casey. C.R. 142, 118. Casey was not entitled to recover more time or money for delays caused by Wheelabrator (C.R. 142), and not entitled to any adjustment to price as a result of mistakes relating to Wheelabrator's work (C.R. 118). Thus, those damages were consequential damages forbidden by section 271.153(b). *Zachry Constr. Corp. v. Port of Houston Auth.*, 449 S.W.3d 98, 113 n.71 (Tex. 2014) ("Delay damages are consequential damages").

Similarly misguided is Casey's argument that the provision that "Casey shall bear no responsibility or liability for [Wheelabrator's] obligations ..." entitled Casey to additional compensation. The fact that

9

Casey did not have to pay CPS Energy for Wheelabrator's obligations does not mean that CPS Energy had to pay Casey for Wheelabrator's obligations. The inference the dissenting opinion draws—that Casey cured Wheelabrator's work because CPS Energy directed it to do so, even though there is no evidence that is so—is not reasonable. Casey did not perform Wheelabrator's work because CPS Energy directed Casey to do so. Casey performed Wheelabrator's work because Casey was contractually obligated to do so at no additional cost to CPS Energy. The contract obligated Casey to act as overall construction manager of the project and oversee Wheelabrator's performance (C.R. 156), to be responsible for delivering a complete and fully operational facility to CPS Energy on a lump sum, fixed-price basis (C.R. 79), and to assume all risk of delays in the project schedule and responsibility for all costs related to bringing the project back on schedule (C.R. 108). Casey also agreed in the contract that it was not entitled to more time or money for delays caused by Wheelabrator (C.R. 142) or any adjustment to price as a result of mistakes relating to Wheelabrator's work (C.R. 118). This court has already decided that this contract is a true design-build contract and that Casey and Wheelabrator were a design-build team, *City of San Antonio v. Casey Indus., Inc.,* 381 S.W.3d 489, 596 (Tex. App.—San Antonio 2012, pet. denied). As Casey

10

concedes "under a true design-build contract, under no circumstance would the design-build contractor be entitled to seek additional compensation from the owner for a default by a member of the design build-team." *Id.* at 594.

**C. There is no factual issue whether there is a writing signed by CPS Energy committing the ratepayers to pay an extra $12 million dollars—it is undisputed that there is no such writing.**

Assuming for the sake of argument that Casey complied with all contract procedures governing a request for a change order, it is still undisputed that Casey did not get one. In the absence of a written change order, there is nothing signed by the government authority agreeing to pay Casey additional compensation for curing Wheelabrator's work. In effect, Casey is attempting to establish a contract by waiver. However, a contract cannot be created by waiver. *Ulico Gas Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 779 (Tex. 2008). Allowing Casey to recover without a signed writing—a change order as required by the contract—defeats the purpose of governmental immunity. In effect, it allows a contractor to recover the reasonable value of its services when the government entity has not agreed to pay (*i.e.,* in quantum meruit).

1937549.2/SPSA/22244/0110/083115

**D. Casey had a full and fair opportunity in the trial court to develop the record as to immunity; it failed to request a continuance; and in the absence of written change orders—which Casey admits do not exist—supplementation would be futile.**

Casey's plea that it be given more time to bring forth evidence creating a factual dispute on jurisdiction should be rejected. This case has been pending since April, 2008. The parties have conducted discovery for years, producing over a million pages of documents and taking the depositions of numerous fact and expert witnesses. Casey had a full and fair opportunity in the trial court to—and did—develop the record as to immunity, amend its pleadings, and submit the evidence it chose. Casey failed to ask for a continuance and failed to tell the trial court—or this court—what it would prove if it was given more time. It is too late now for Casey to ask for another opportunity, especially when the undisputed evidence shows that the dispute is legal, not factual.

Moreover, as the Supreme Court noted in *Zachry*, the conclusion reached in *Zachry* that a local government entity waived sovereign immunity subject only to the terms and conditions of the Act was reached in *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex. 2006) and was in the Court's word "obvious" and "the text of section 271.152 and our decision in

12

Tooke ought to have settled the matter." *Zachry Const. Corp. v. Port of Houston Auth.*, 449 S.W.3d 98, 107 (Tex. 2014).

In any event, in addition to the fact that Casey is not seeking damages recoverable under 271.153, Casey does not have a properly executed written contract in which the local government entity agreed to pay an additional $12 million. For this additional reason, there is no waiver of governmental immunity under section 271.152, regardless of what damages Casey seeks under section 271.153. TEX. LOC. GOV'T. CODE § 271.152.

## CONCLUSION

The motion for reconsideration should be denied.

Respectfully submitted,

JUDITH R. BLAKEWAY
State Bar No. 02434400
STRASBURGER & PRICE, LLP
2301 Broadway
San Antonio, Texas 78215
Telephone: (210) 250-6000
Facsimile: (210) 250-6100
judith.blakeway@strasburger.com

ANNALYN G. SMITH
State Bar No. 18532500
SCHMOYER REINHARD, LLP
17806 IH-10 West, Suite 400
San Antonio, Texas 78257
Telephone: (210) 447-8033
Facsimile: (210) 447-8036
asmith@sr-llp.com

By: /S/ *Judith R. Blakeway*
Judith R. Blakeway

ATTORNEYS FOR APPELLANT
CPS ENERGY

13

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4, the undersigned certifies that this Response to Motion for Reconsideration *En Banc* contains 2,745 words.

/ S /  *Judith R. Blakeway*
Judith R. Blakeway

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this document has been delivered, pursuant to the Texas Rules of Appellate Procedure on the 31st day of August, 2015, to the following:

ALLEN STEIN & DURBIN, P.C.
John C. Howell
SBN 10101650
6243 IH-10 West, Suite 700
San Antonio, Texas 78201
(210) 734-7488
(210) 738-8036 (Fax)
jhowell@asdh.com

WATT TIEDER HOFFAR & FITZGERALD, LLP
Christopher A. Wright
*Pro Hac Vice*
1215 Fourth Avenue, Suite 2210
Seattle, Washington 98161
(206) 204-5800
(206) 204-0284 (Fax)
cwright@wattieder.com

HOUSTON DUNN, PLLC
Nissa M. Dunn
SBN 14766450
4040 Broadway, Suite 440
San Antonio, Texas 78209
(210) 775-0880
(210) 826-0075 (Fax)
nissa@hdappeals.com

/S/  *Judith R. Blakeway*
Judith R. Blakeway

14

1937549.2/SPSA/22244/0110/083115